974 F.2d 1333
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
James M. RUFFIN, Defendant-Appellant.
 No. 91-5653.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 5, 1992
Decided: August 31, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-90-113-N)
 Christopher P. Shema, TOLERTON & BROWN, P.C., Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Robert W. Wiechering, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Ruffin pled guilty to accepting a bribe offered to a public official (18 U.S.C. § 201(b)(2) (1988)). He appeals the sentence imposed and we affirm.
 
 
 2
 After receiving a complaint alleging that Ruffin, an Internal Revenue Service (IRS) revenue agent, was soliciting bribes from a taxpayer, the IRS assigned a fictional delinquent taxpayer account to Ruffin. An IRS agent posing as the taxpayer met with Ruffin, who discussed his supposed tax liability of $10,295.81, and then offered to eliminate the taxpayer's problem for $600 by taking no action until the statute of limitations had passed. The agent paid Ruffin $600 in cash and Ruffin advised the agent how to behave to avoid trouble until the date that the tax liability would lapse. Ruffin then placed a report in the taxpayer file stating that he had tried to locate the taxpayer and had been unable to do so.
 
 
 3
 In calculating Ruffin's offense level, the district court adjusted the base offense level upward by three offense levels pursuant to guideline section* 2C1.1(b)(2)(A). This section provides that the greater of the value of the bribe or the value of the benefit received or to be received should be used. Using the value of the $10,295.81 tax liability which Ruffin offered to eliminate resulted in a three-level increase. Ruffin contends that the court should have used the value of the bribe, which would have meant a one-level increase. He argues that there was no benefit in this case where there was actually no tax owed, and that it is fundamentally unfair to enhance his sentence according to the amount of supposed tax owed when that amount was determined by the government.
 
 
 4
 However, the district court followed the straightforward language of the guideline, which contains no suggestion that a benefit intended to be conferred in return for a bribe should be disregarded when the defendant has dealt with an undercover agent. Ruffin freely chose to offer to wipe out a tax liability of over $10,000 which he believed to be genuine. We see no fundamental unfairness in punishment which takes that into account.
 
 
 5
 The judgment of the district court is therefore affirmed. Ruffin's motion for expedited treatment is granted so far as is consistent with the heavy workload of this Court. His alternative motion for release pending appeal under Fed. R. App. P. 9 is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1990)